UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

CENTENNIAL ELEVATOR INDUSTRIES, INC.,

                 Plaintiff,

        -against-

CENTENNIAL ELEVATORS IND., CORP.,
BRIAN CHILDRESS, Individually,
CENTENNIAL ELEVAT0R INDUSTRIES, INC.,
and SEAN MORTON, Individually,

                 Defendants.

----------------------------------------------------------------------X

**PRELIMINARY INJUNCTION
& MEMORANDUM**

**16-CV-4580 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

On August 17, 2016, Plaintiff Centennial Elevator Industries, Inc. filed this action against

Defendants Centennial Elevators Ind., Corp., Brian Childress, Centennial Elevat0r Industries,

Inc., and Sean Morton, alleging that Defendants are infringing upon Plaintiff's protected trade

name in violation of the Lanham Act, 15 U.S.C. § 1125(a) and (c), and various state laws. (See

Compl. (Dkt. 1).) Also on August 17, 2016, Plaintiff moved for a temporary restraining order

("TRO") and a preliminary injunction restraining and enjoining Defendants from using the

Plaintiff's trade name, Centennial Elevator Industries, Inc., or any derivations thereof, including

Centennial Elevator Ind., Corp. or Centennial Elevat0r Industries, Inc. in commerce in any way.

(See id., Ex. 5 ("Mem. in Support of Mot. for Temp. Restraining Order and Prelim. Inj.").) The

same day, the court held a hearing on Plaintiff's request for a TRO. (See Aug. 17, 2016, Min.

Entry.) Defendants did not appear at the hearing.[1] The court granted Plaintiff's Motion for a

TRO, issued the TRO, and ordered Defendants to appear before Magistrate Judge Robert M.

Levy on August 29, 2016, to show cause as to why an order should not issue restraining and

---

[1] Defendants received notice of the hearing. (See Compl., Ex. 2.) Cf. Fed. R. Civ. P. 65(b)(1).

enjoining Defendants from using Plaintiff's trade name, or any derivations thereof, in commerce in any way during the pendency of the action. (See id.; Order to Show Cause and Temp. Restraining Order (Dkt. 6).)[2] By Order dated August 19, 2016, the court referred Plaintiff's Motion for a Preliminary Injunction (Dkt. 7) to Judge Levy for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See Aug. 19, 2016, Order Referring Mot.)

On August 29, 2016, Judge Levy conducted a hearing on Plaintiff's Motion. (See Aug. 29, 2016, Min. Entry.) Defendants again did not appear, respond, or request an adjournment of this hearing. (See id.) Judge Levy issued an R&R recommending that the court issue a preliminary injunction that (1) enjoins Defendants from using Plaintiff's trade name, Centennial Elevator Industries, Inc., or any derivations thereof, including Centennial Elevator Ind., Corp. or Centennial Elevat0r Industries, Inc., in commerce in any way during the pendency of this action; and (2) notifies the Secretary of State of the State of New York that Defendants will no longer be doing business under the derivations of Plaintiff's trade name. (See Aug. 29, 2016, R&R.) A copy of Judge's Levy's R&R was sent to Defendants via first class mail. No party has objected to Judge Levy's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R ("Objections to R&R due by 9/15/2016.").) Therefore, the court reviews the R&R for clear error. See Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (summary order); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1).

---

[2] The court further directed Plaintiff to serve Defendants with a copy of the Order to Show Cause and Temporary Restraining Order and annexed affidavit, memorandum of law, affirmation in support, and Complaint. (Order to Show Cause and Temp. Restraining Order.) Plaintiff's counsel submitted an affidavit swearing that he had served Defendants with copies of these documents. (See Aff. of Serv. (Dkt. 9).)

Finding no clear error, the court ADOPTS IN FULL the R&R, and accordingly, GRANTS Plaintiff's Motion for a Preliminary Injunction. Defendants are ENJOINED from using Plaintiff's trade name, Centennial Elevator Industries, Inc., or any derivations thereof, including Centennial Elevator Ind., Corp. or Centennial Elevat0r Industries, Inc., in commerce in any way during the pendency of this action. Defendants are further DIRECTED to notify the Secretary of State of the State of New York that they will no longer be doing business under the derivations of Plaintiff's trade name. Plaintiffs are ORDERED to serve a copy of this Order on Defendants or their counsel in person or by overnight mail (FEDEX or UPS), on or before 11:59 p.m., September 19, 2016.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 16, 2016

NICHOLAS G. GARAUFIS
United States District Judge